Carrie Richey (CA Bar No. 270825)
Carrie.Richey@wbd-us.com
**WOMBLE BOND DICKINSON (US) LLP**
50 California Street, Suite 2750
San Francisco, CA 94111
Tel.: 415-433-1900
Fax: 415-433-5530

Attorneys for Plaintiff
*SACKS HOLDINGS, INC.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SACKS HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> VIVEK VAIDYA and BEND LAW GROUP, PC, <br><br> Defendants. | Case No.: 3:24-mc-80197 <br><br> **SACKS HOLDINGS, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Hearing Date: <br> Hearing Time: <br> Judge: |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on a date and time to be determined by the court, located at the United States Courthouse, San Francisco Division, 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff Sacks Holdings, Inc. ("Sacks"), by and through the undersigned attorneys and pursuant to Federal Rules of Civil Procedure 37 and 45, respectfully moves the Court for entry of an order granting Sacks' Motion to Compel:

Requiring Mr. Vivek Vaidya and Bend Law Group, PC ("BLG") to immediately produce all documents which are responsive to the subpoenas served on them, withholding no documents on the basis of any objections; and (2) awarding Sacks its reasonable attorneys' fees in bringing this motion.

Mr. Vaidya and BLG failed to (1) state objections to the subpoenas served on them before the appropriate deadline, or (2) request an extension of time to raise objections before that deadline, and therefore Mr. Vaidya and BLG waived all objections, including all privilege objections, to the subpoenas.

Sack's Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities and the Declaration of Jacob S. Wharton in support thereof, the pleadings and evidence on file in this matter, oral argument of counsel, and any other materials and argument that the Court may properly consider.

Date: August 2, 2024

By: */s/ Carrie Richey*
Carrie Richey

Carrie Richey (CA Bar No. 270825)
Carrie.Richey@wbd-us.com
**WOMBLE BOND DICKINSON (US) LLP**
50 California Street, Suite 2750
San Francisco, CA 94111
Tel.: 415-433-1900
Fax: 415-433-5530

Attorneys for Plaintiff
*SACKS HOLDINGS, INC.*

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiff Sacks Holdings, Inc. ("Sacks") subpoenaed third parties Vivek Vaidya and Bend Law Group, PC ("BLG") in connection with a case pending in the United States District Court for the Middle District of North Carolina, styled *Sacks Holdings, Inc. vs. Grin Natural USA Limited et al*., Case No.: 1:23-cv-1058-LCB-LPA (filed December 4, 2023) ("Sacks Litigation"). Based on an agreement with third parties Vivek Vaidya and BLG, Sacks first sought to enforce its subpoenas in the Sacks Litigation; however, the Magistrate Judge in the M.D.N.C. required Sack to move to compel in the Northern District of California pursuant to the Federal Rules of Civil Procedure 45 because a motion for an order to a nonparty must be made in the court where the discovery is or will be taken. Fed. R. Civ. P. 37(a)(2). Accordingly, Sacks respectfully submits this memorandum in support of its Motion to Compel, requesting the Court to compel Mr. Vaidya and BLG to produce all documents responsive to Sacks' subpoenas duces tecum on Mr. Vaidya ("the Vaidya Subpoena") and on BLG ("the BLG Subpoena") (collectively, "the subpoenas"), withholding no documents on the basis of any objections.

Mr. Vaidya and BLG (1) failed to state objections to the subpoenas before the appropriate deadline; and (2) failed to request an extension of time to raise objections before that deadline, and therefore Mr. Vaidya and BLG waived all objections, including all privilege objections, to the subpoenas. Therefore, Sacks requests entry of an order requiring Mr. Vaidya and BLG to immediately produce all documents which are responsive to the subpoenas, withholding no documents on the basis of any objections; and (2) awarding Sacks its reasonable attorneys' fees in bringing this motion. Sacks has made multiple attempts to resolve these deficiencies before bringing this motion.

## II. SHORT SUMMARY OF ISSUES TO BE DECIDED

Sacks served third-party document subpoenas on Sacks Litigation Defendants'[1] former trademark attorney and his law firm, Mr. Vaidya and BLG, respectively. Despite being represented

---

[1] Sack Litigation Defendants are Grin Natural USA Limited, Grin Natural US Limited, Grin Holdings Limited, Grin Natural Products Limited, and Grin Natural Products Australia PTY and are referred to herein as "Sacks Lawsuit Defendants."

by the same counsel as the Sacks Litigation Defendants, Mr. Vaidya and BLG failed to timely serve objections to the subpoenas. Although counsel for BLG and Mr. Vaidya requested an extension of time to *produce documents* and schedule a deposition due to serious injuries suffered by Mr. Vaidya. Importantly, however, counsel did not seek any extension of time to serve *objections* to the document requests in each of the subpoenas.

Counsel for Mr. Vaidya and BLG have also acknowledged that the information and documents requested would "inevitably concern conversations with Defendants and its principals protected by attorney-client privilege and the work product doctrines." However, BLG and Mr. Vaidya waited to serve objections until 36 days after BLG's original deadline to serve objections, 26 days after Mr. Vaidya's deadline, and 25 days after Mr. Vaidya and BLG were initially notified that Sacks considered their objections and responses overdue.

Sacks contends that given the long delay, especially for sophisticated third parties with sophisticated counsel, is unwarranted and results in the waiver of all objections, including privilege. Counsel for BLG and Mr. Vaidya contend that Sacks should have known that BLG and Mr. Vaidya meant to request an extension of time to serve objections, and in any event that Sacks should have known that given Mr. Vaidya's injuries, his counsel would need time to collect and review documents prior to serving any objections. Counsel for BLG and Mr. Vaidya have never offered an explanation for why they needed to collect and review documents ***before*** asserting objections, including that of attorney-client privilege and the work product doctrine, when they also concede that the documents requested from a former attorney would "inevitably concern … attorney-client privilege and the work product doctrines."

Accordingly, Sacks requests entry of an order requiring Mr. Vaidya and BLG to immediately produce all documents which are responsive to the subpoenas, withholding no documents on the basis of any objection and award Sacks' attorneys' fees for bringing this Motion.

III. **RELEVANT FACTS**

Sacks began attempting service of the subpoenas to Mr. Vaidya and BLG on April 18, 2024, but initial attempts were unsuccessful due to the BLG "office" being located at a coworking space with a remote receptionist. However, that same day, Sacks' counsel notified counsel for

Sacks Litigation Defendants of both the Vaidya Subpoena and the BLG Subpoena. *See* Declaration of Jacob S. Wharton, filed concurrently herewith, at **Exhibit A**[2], April 18, 2024, email from J. Wooten. After several weeks of being unable to serve BLG and Mr. Vaidya despite attempts by a professional process server, on May 10, 2024, counsel for Sacks again notified Defendants' counsel of subpoenas to BLG and Mr. Vaidya, updating the date of compliance for document production to May 24, 2024. **Exhibit B**, May 10, 2024, email from J. Dority. On May 13, 2024, BLG was served with the BLG Subpoena via personal service on Donald Bend, BLG's registered agent. **Exhibit C**, Affidavit of Service on BLG.

On May 21, 2024, Sacks Litigation Defendants' counsel confirmed that they would also be representing Mr. Vaidya and BLG for purposes of the Subpoenas. **Exhibit D**, May 21, 2024, email from L. Tyson. In the same email, counsel informed Sacks that Mr. Vaidya was recovering from a serious injury and "request[ed] to schedule the deposition and ***produce any responsive documents at a later agreed-upon date***." *Id.* (emphasis added). On May 23, 2024, counsel for Mr. Vaidya also confirmed acceptance of service of the Vaidya subpoena on his behalf. **Exhibit E**, May 23, 2024, email from L. Tyson. On May 25, 2024, Sacks emailed Mr. Vaidya's counsel to inquire about the extent of Mr. Vaidya's injuries and to better understand the basis for delaying his deposition and document production. **Exhibit F**, May 25, 2024, Email from J. Wharton. On May 30, 2024, Mr. Vaidya's counsel provided Sacks further information regarding Mr. Vaidya's injuries and resultant hospitalizations.[3]

The subpoenas served on BLG and Mr. Vaidya required compliance by May 24, 2024, at 9:00 am. **Exhibit B**, at 16, 33. Under Rule 45, as discussed below, the deadline for BLG and Mr. Vaidya to serve objections was "the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). Given the uncertainty about the date of compliance with counsel having requested an extension of time to produce documents in response

---

[2] All exhibits cited in this Motion are attached to the Declaration of Jacob S. Wharton.

[3] Counsel for Mr. Vaidya requested details of his injuries be kept confidential. Because Sacks does not dispute those details, and to avoid unnecessary additional motions to seal, Sacks has not filed the May 30 email, but can provide it upon request. However, Sacks does not dispute that Mr. Vaidya was seriously injured.

the subpoenas, that means at the latest, BLG and Mr. Vaidya's deadline to serve objections was 14 days after service of the subpoenas. Where BLG was served on May 13, 2024, and counsel accepted service on behalf of Mr. Vaidya on May 23, 2024, those 14-day objection deadlines to the BLG Subpoena and the Vaidya Subpoena were May 27, 2024, and June 6, 2024, respectively.

On June 7, 2024, Sacks emailed counsel for BLG and Mr. Vaidya and asserted all objections have been waived to the subpoenas, including privilege, due to BLG and Mr. Vaidya's failure to timely object and respond. **Exhibit G**, June 7, 2024, Email from J. Wharton. On June 12, 2024, counsel for BLG and Mr. Vaidya responded, arguing that Mr. Vaidya and BLG had not waived their objections to the subpoenas. **Exhibit H**, June 12, 2024, Email from D. Toaltoan. In that correspondence, counsel incorrectly claimed Sacks knew of Mr. Vaidya's injuries as far back as May 7, 2024. Sacks did not, and could not have known, as shown in Sacks' email from May 25, Exhibit F, at which time Sacks still had no explanation for the injuries or delays. In fact, the explanation of Mr. Vaidya's injuries did not come up until May 30, 2024, three days after BLG's deadline to respond to its subpoena. In the June 12, 2024, email (**Exhibit H**), counsel conceded that objections to production of some documents on the basis of privilege was inevitable, and incorrectly asserted that failure to timely provide objections under Rule 45 waives those objections. *See* **Exhibit H**, at 3 ("The testimony and documents you seek from Mr. Vaidya (and the Bend Law Group) will inevitably concern conversations with Defendants and its principals protected by attorney-client privilege and the work product doctrines."). Counsel for Sacks and counsel for BLG and Mr. Vaidya continued to exchange letters and emails on the issue without resolution and with competing narratives as to the history of the dispute. *See, e.g.*, **Exhibit I**, June 17, 2024, Letter Regarding Subpoenas and Waiver; **Exhibit J**, Various emails from J. Wharton, D. Toaltoan, and R. Elings.

**IV.    MEET AND CONFER**

Sacks has satisfied the meet and confer requirements of Federal Rule of Civil Procedure 37 and Local Rule 37-1(a). On June 26, 2024, counsel for Sacks and counsel for BLG and Mr. Vaidya held a meet and confer on several issues, including whether BLG and Mr. Vaidya had waived all objections by virtue of having not yet served any objections and responses to the

1  subpoenas. During the meet and confer, all counsel acknowledged the parties were at impasse and
2  discussed the expedited discovery procedures available in the Sacks Litigation. Counsel for Sacks
3  consented to attempting to resolve this dispute via those expedited procedures the following day.
4  **Exhibit K**, June 27, 2024, Email from J. Wooten. On July 1, 2024, counsel for BLG and Mr.
5  Vaidya filed a request under LR 37.1 for an expedited resolution of numerous discovery issues.
6  Sacks Litigation, ECF No. 81. On July 2, 2024, BLG and Mr. Vaidya served objections and
7  responses to the subpoenas, including the assertion of privilege to withhold documents and
8  information. **Exhibit L**, July 2, 2024, Email from L. Tyson.

9        In the Sacks Litigation, the Court held a hearing on July 9, 2024, regarding the discovery
10 disputes, but due to time limitations, the Court denied without prejudice any relief related to the
11 present dispute. On July 17, 2024, counsel held another meet and confer to discuss the appropriate
12 forum to file this motion and the applicable law. For the sake of efficiency and to expedite
13 resolution of this dispute, the parties agreed to having this dispute heard in the Middle District of
14 North Carolina under the applicable law of that jurisdiction. **Exhibit M**, July 18, 2024, Email from
15 D. Toaltoan.

16       However, once the motion to compel was filed in the M.D.N.C., Magistrate Judge Auld
17 held that the parties cannot agree amongst themselves to have this dispute heard in the Sacks
18 Litigation (*i.e.*, in the M.D.N.C.) due to the requirement of the Federal Rules of Civil Procedure
19 45 that a motion for an order to a nonparty must be made in the court where the discovery is or
20 will be taken. Accordingly, Sacks has filed this Motion in this District.

21 **V.     LEGAL STANDARD**

22       "On notice to other parties and all affected persons, a party may move for an order
23 compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Normally, a "motion for an order to
24 a nonparty must be made in the court where the discovery is or will be taken." Fed. R. Civ. P.
25 37(a)(2). Under Rule 45, a nonparty served with a subpoena must serve objections, if any, "before
26 the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R.
27 Civ. P. 45(d)(2)(B). "Failure to serve written objections to a subpoena duces tecum within the time
28 specified in Rule 45 ordinarily constitutes a waiver of objections, including privilege." *Enwere v.*

*Terman Associates, L.P.*, No. C 07-1239 JF (PVT), 2008 WL 4191938, at *1 n.2 (N.D. Cal. Sept. 10, 2008); *see also Erickson v. Builder Advisor Grp. LLC*, No. 22-MC-80094-TSH, 2022 WL 3109587, at *3 (N.D. Cal. July 6, 2022), *report and recommendation adopted*, No. 22-MC-80094-JST, 2022 WL 3109563 (N.D. Cal. Aug. 4, 2022) (finding that a party's "failure to serve timely objections waives all grounds for objection." (quoting *Poturich v. Allstate Ins. Co.*, 2015 WL 12766048, at *2 (C.D. Cal. Aug. 11, 2015))); *In re Buchanan Ingersoll, P.C.*, 202 Fed. Appx. 454, 456 (Fed. Cir. 2006) (affirming lower court order finding that because a law firm and its attorney "did not timely object to the subpoenas ... they waived any privilege" and ordering "that the documents be produced").

## VI.   ARGUMENT

Mr. Vaidya and BLG waived all objections, including those related to privilege, by failing to either (1) respond to the subpoenas in a timely manner, or (2) request an extension of time to serve objections. This Court should compel production of all documents responsive to the subpoenas without regard to any objections, including those of privilege. Furthermore, this Court should award Sacks its reasonable attorneys' fees incurred in bringing this motion to compel.

### A.   Mr. Vaidya and BLG Waived All Objections to the Subpoenas.

Mr. Vaidya and BLG waived all objections, including those related to privilege, by to either (1) failing to respond to the subpoenas in a timely manner, and (2) failing to request an extension of time to serve objections in advance of the deadline to serve objections.

Deciding whether privilege has been waived upon a third party's failure to serve timely objections to a subpoena is within the Court's discretion. *See, e.g., Mattel Inc. v. Walking Mt. Productions*, 353 F.3d 792, 813 (9th Cir. 2003); *Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142 (9th Cir. 2005) (While rejecting a *per se* rule that failure to produce a privilege log in a timely manner triggers waiver of privileges, the court upheld the trial court determination that failure to provide a timely log waived privilege objections.);. Courts in this district and in this circuit have found that failure to timely make objections to a subpoena waives objections, including privilege. *See, e.g.*, *Enwere v. Terman Associates, L.P.*, No. C 07-1239 JF (PVT), 2008 WL 4191938, at *1 n.2 (N.D. Cal. Sept. 10, 2008) ("Failure to serve

1  written objections to a subpoena duces tecum within the time specified in Rule 45 ordinarily
2  constitutes a waiver of objections, including privilege."; *see also Erickson v. Builder Advisor Grp.*
3  *LLC*, No. 22-MC-80094-TSH, 2022 WL 3109587, at *3 (N.D. Cal. July 6, 2022), *report and*
4  *recommendation adopted*, No. 22-MC-80094-JST, 2022 WL 3109563 (N.D. Cal. Aug. 4, 2022)
5  (finding that a party's "failure to serve timely objections waives all grounds for objection."
6  (quoting *Poturich v. Allstate Ins. Co.*, 2015 WL 12766048, at *2 (C.D. Cal. Aug. 11, 2015)));
7  *Delta Saloon, Inc. v. AmeriGas Propane, Inc.*, No. 319CV00748RCJCSD, 2022 WL 20471408, at
8  *3 (D. Nev. Dec. 15, 2022) ("The failure to timely serve objections results in a waiver of
9  objections, including those based on privilege.").

10  Similarly, other regional circuits have upheld trial courts' decisions to waive privilege
11  when a party fails to timely object. *See, e.g.*, *In re Buchanan Ingersoll, P.C.*, 202 Fed. Appx. 454,
12  457 (Fed. Cir. 2006) ("affirming a waiver of "privilege by failing to timely assert it" in response
13  to a subpoena); *In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998) ("we think it is clear
14  that Rule 45 contemplates assertion of all objections to document production within 14 days,
15  including those based on the act of production privilege"); *Tuite v. Henry*, 98 F.3d 1411, 1416
16  (D.C. Cir. 1996) ("In our view, a party objecting to a subpoena on the basis of privilege must both
17  (1) object to the subpoena and (2) state the claim of privilege within fourteen days of service, as
18  required by Rule 45(c)(2)(B).").

19  The case of *Schoonmaker v. City of Eureka* is instructive, because like the present case, the
20  subpoena recipient "lodged objections to several of the document requests based on the attorney
21  client privilege" long after the original due date. *Schoonmaker v. City of Eureka*, No. 17-CV-
22  06749-VC (RMI), 2018 WL 5829851, at *1 (N.D. Cal. Nov. 7, 2018). Further, the subpoena
23  recipient in *Schoonmaker* was a "sophisticated individual[] with a sophisticated client." *Id.* The
24  Court found that the subpoena recipient and her client should have known "that absent a court
25  order (either sustaining an objection or granting a motion to quash) timely compliance with the
26  Rule 45 subpoena was mandatory." *Id.* Thus the court found that the subpoena recipient's "failure
27  to timely file objections as a waiver." *Id.*

28  The case of *In re Buchanan* is also instructive because it involved subpoenas to an attorney

who prosecuted certain patents and his law firm. *In re Buchanan Ingersoll, P.C.*, 202 Fed. Appx. at 455. Neither the attorney nor the law firm served any objections either by the date of compliance or within 14 days of service. *Id.* In opposition to a motion to compel, the attorney and law firm asserted "that the documents were protected by the attorney-client privilege." *Id.* at 456. The magistrate judge ruled that Rule 45 "required that any objections to a subpoena be raised within 14 days," and "[b]ecause [the attorney and law firm] not timely object to the subpoenas ... they waived any privilege." *Id.* The District Court judge affirmed the magistrate's order, *id.*, and the Federal Circuit agreed. *Id.* at 457.

In the present case, Sack began attempting to serve Mr. Vaidya and BLG with the subpoenas on April 18, 2024, including the required notice to the same counsel which ultimately came to represent Mr. Vaidya and BLG. Ex. A, D. After delays due to confusion over BLG's actual address, BLG was served in person on May 13, 2024. Ex. C. On May 21, 2024, the same counsel representing Defendants in the underlying litigation notified Sacks they would be representing Mr. Vaidya and BLG. Ex. D. Counsel for Mr. Vaidya and BLG also "**request[ed] to schedule the deposition and produce any responsive documents at a later agreed-upon date**." *Id.* After Mr. Vaidya was non-responsive to direct communication attempts (this was prior to notification of representation) and could not be found in person for over a month, finally, counsel for Defendants accepted service on his behalf on May 23, 2024. Ex. E. No further correspondence was received from counsel for Mr. Vaidya and BLG regarding producing documents or deadlines prior to the deadline to respond to the subpoenas. Counsel never requested an extension for serving objections to the subpoenas. Wharton Decl., ¶6.

The subpoenas commanded document production on May 24, 2024. Ex. B, at 16, 33. Given that the subpoenas were served on BLG on May 13 and on Mr. Vaidya on May 23, the respective 14-day deadlines were May 27 and June 6. Pursuant to Rule 45(d)(2)(B), BLG and Mr. Vaidya had to serve objections, including those of privilege, on the earlier of May 24, or May 13 for BLG and June 6 for Mr. Vaidya. Even assuming that the 14-day deadline to serve objections applied in view of BLG and Mr. Vaidya's request to extend the date of compliance, BLG and Mr. Vaidya failed to serve any objections by May 27 and June 6, respectively.

On June 7, counsel for Sacks notified counsel for Mr. Vaidya and BLG of the missed deadlines. Ex. G. Another five days passed before counsel for Mr. Vaidya and BLG responded—on June 12, 2024—and counsel appeared to confuse the deadline for compliance and the deadline for objections, refuting that Mr. Vaidya and BLG has missed any deadlines. Ex. H. Counsel for Mr. Vaidya and BGL also suggested a stipulated extension of time to file objections, but without a proposed date. *Id.* On June 21—now 25 days after BLG's deadline to serve objections and 15 days after Mr. Vaidya's deadline—counsel for Mr. Vaidya and BLG again requested a stipulated extension of time to serve objections with a new deadline of June 28. Ex. J, at 5. Again, this correspondence appears to confuse the applicable deadlines by suggesting that counsel should be able to collect documents and review them prior to determining what objections will be necessary. *Id.* However, the need to attempt to protect privileged communications was known. In the June 12, 2024, correspondence counsel noted "Mr. Vaidya is an attorney who previously represented Defendants on trademark matters. The testimony and documents you seek from Mr. Vaidya (and the Bend Law Group) will inevitably concern conversations with Defendants and its principals protected by attorney-client privilege and the work product doctrines." Ex. H. Thus, at a minimum, the need to object on the basis of privilege and work product was obvious to BLG and Mr. Vaidya' counsel from the outset and required no document collection prior to asserting such an objection.

On July 2, 2024, BLG and Mr. Vaidya served objections and responses to the subpoenas. Ex. L. These objections and responses were served 36 days after BLG's original deadline to serve objections, 26 days after Mr. Vaidya's deadline, and 25 days after Mr. Vaidya and BLG were initially notified that Sacks considered their objections and responses overdue. Even if the 14-day deadline to object had reset on the day that Sacks' counsel notified counsel for BLG and Mr. Vaidya that the deadline had passed, BLG and Mr. Vaidya would have still missed the deadline to serve objections by another 11 days.

While Sacks is sympathetic to Mr. Vaidya's injuries and recovery time, and thus has remained willing to work with him on scheduling a deposition and was willing to allow ample additional time to produce documents, BLG has no similar excuse. BLG is a law firm and shares sophisticated counsel with Defendants, as does Mr. Vaidya. Furthermore, BLG did not suffer the

injuries Mr. Vaidya did and had a duty to respond to its subpoena independent from Mr. Vaidya's duty to respond to his subpoena. Both Mr. Vaidya and BLG, as attorneys and through their own counsel, should have known that the deadlines for objections and the deadlines for compliance under the subpoenas are not one and the same. Simply put, Mr. Vaidya and BLG failed to timely serve objections, and then continued to delay serving objections for over a month after they were due. BLG and Mr. Vaidya even failed to serve objections for well over three weeks beyond when they were first made aware that they had missed the objections deadline. There is no acceptable excuse or justification for such delays, especially when counsel for Mr. Vaidya and BLG admitted that at least the objections now at issue—attorney-client privilege and the work product doctrine—was obvious from the outset and required no special investigation or even discussion to ascertain and assert. This Court should find that BLG and Mr. Vaidya's extreme delays in serving objections and responses to the subpoenas results in a waiver of all objections to those subpoenas, including objections for privilege and work product.

   **B.**  **Sacks is Entitled to Attorneys' Fees and Sanctions Against Defendants.**

Mr. Vaidya and BLG's untimely objections and refusal to produce all documents responsive to Sacks' subpoenas necessitated the present motion to compel. Once a motion to compel "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion ... to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Sacks respectfully requests that the Court grant Sacks its reasonable attorneys' fees pursuant to Rule 37 and allow Sacks 14 days from entry of an order granting this motion to provide an affidavit of its reasonable fees associated with this motion.

**VII. CONCLUSION**

Based on the foregoing arguments and authorities, Sacks respectfully requests that the Court grant this Motion to Compel and enter an order (1) requiring Mr. Vaidya and BLG to immediately produce all documents which are relevant and responsive to the subpoenas, regardless of privilege or other objection, and (2) awarding Sacks its reasonable attorneys' fees in bringing

1  this motion.

2  Date: August 2, 2024                By: /s/ Carrie Richey
3                                          Carrie Richey

4
                                        Carrie Richey (CA Bar No. 270825)
5                                       Carrie.Richey@wbd-us.com
                                        **WOMBLE BOND DICKINSON (US) LLP**
6                                       50 California Street, Suite 2750
                                        San Francisco, CA 94111
7                                       Tel.: 415-433-1900
                                        Fax: 415-433-5530
8
9                                       Attorneys for Plaintiff
                                        *SACKS HOLDINGS, INC.*
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28