1

2

3

4

5

6

7

Carrie Richey (CA Bar No. 270825)
Carrie.Richey@wbd-us.com
**WOMBLE BOND DICKINSON (US) LLP**
50 California Street, Suite 2750
San Francisco, CA 94111
Tel.: 415-433-1900
Fax: 415-433-5530

Attorneys for Plaintiff
*SACKS HOLDINGS, INC.*

8

9

10

11

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

12

13

14

15

16

17

18

| | |
|---|---|
| SACKS HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> VIVEK VAIDYA and BEND LAW GROUP, PC, <br><br> Defendants. | Case No.: 3:24-mc-80197-PHK <br><br> **SACKS HOLDINGS, INC.'S REPLY IN SUPPORT OF MOTION TO COMPEL** <br><br> Hearing Date: TBD <br> Hearing Time: TBD <br> Judge: Hon. Magistrate Judge Peter H. Kang |

19

20

21

22

23

24

25

26

27

28

## <u>TABLE OF CONTENTS</u>

Page

I.      INTRODUCTION.................................................................................................1

II.     CLARIFICATION OF RELEVANT FACTS .....................................................2

III.    LEGAL STANDARD ..........................................................................................3

IV.     ARGUMENT .......................................................................................................4

        A.    Mr. Vaidya and BLG Have Not Shown Good Cause. ...........................4

        B.    Mr. Vaidya and BLG Conflate Their Subpoena Response Duties. .......7

        C.    Mr. Vaidya and BLG's Cases on Medical Emergencies are Inapposite...............7

        D.    Privilege Is Important, Not Sacrosanct. ................................................8

        E.    Attorneys' Fees and Sanctions...............................................................9

V.      CONCLUSION ..................................................................................................10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Asurea Wholesale Ins. Servs., Inc. v. Mountain Fin. Network*
    No. 2:20-CV-03673-DSF-JC, 2020 WL 12309499 (C.D. Cal. Oct. 5, 2020) ........................... 9

*Batts v. Cnty. of Santa Clara*
    No. C08-00286 JW (HRL), 2010 WL 1027990 (N.D. Cal. Mar. 18, 2010) ............................. 9

*Beard v. Cnty. of Stanislaus*
    No. 121CV00841DADSAB, 2022 WL 2704856 (E.D. Cal. July 12, 2022) ............................ 8

*Davis v. Fendler*
    650 F.2d 1154 (9th Cir. 1981) ................................................. 3

*In re Application Pursuant 28 U.S.C. § 1782 of Japan Display Inc. v. Tianma Am., Inc.*
    No. 221MC00374CASMAAX, 2021 WL 5990191 (C.D. Cal. Oct. 1, 2021) .................. 4, 5, 6

*Israel v. Brownstein*
    No. 221CV00262TLNEFBPC, 2023 WL 2842889 (E.D. Cal. Mar. 10, 2023) ........................ 7

*Jacobs v. Scribner*
    2011 U.S. Dist. LEXIS 4297 (E.D. Cal. Jan. 12, 2011) .......................................... 3

*McCoy v. Sw. Airlines Co., Inc.*
    211 F.R.D. 381 (C.D. Cal. 2002) ............................................ 4

*Munoz v. Bd. of Trustees of California State Univ.*
    No. 2:21-CV-1692-MCE-CKD, 2022 WL 718416 (E.D. Cal. Mar. 10, 2022) ..................... 8, 9

*Munoz v. InGenesis STGi Partners, LLC*
    No. 14cv1547-MMA (BLM), 2015 U.S. Dist. LEXIS 191715 (S.D. Cal. Aug. 4, 2015) .......... 8

*S. California Hous. Rights Ctr. v. K3 Holdings, LLC*
    No. 2:22-CV-00697-MCS-JC, 2022 WL 17333390 (C.D. Cal. Oct. 18, 2022) ........................ 9

*S.P. v. Cnty. of San Bernardino*
    No. EDCV 19-1897-JGB-KKX, 2020 WL 4335375 (C.D. Cal. May 13, 2020) ...................... 3

*Simpson v. City of Upland*
    No. EDCV081117SGLFMOX, 2009 WL 10687226 (C.D. Cal. Aug. 24, 2009) ..................... 9

*Thomasson v. GC Servs. Ltd. P'ship*
    No. 05cv0940-LAB (CAB), 2006 U.S. Dist. LEXIS 113023 (S.D. Cal. Aug. 30, 2006) .......... 8

*TJF Servs., Inc. v. Transp. Media, Inc.*
    No. 5:17-CV-00626-RN, 2019 WL 7599942 (E.D.N.C. Jan. 22, 2019) ................................... 9

## I.       INTRODUCTION

Plaintiff Sacks Holdings, Inc. ("Sacks") moved to compel production of documents from Vivek Vaidya and the Bend Law Group, PC ("BLG") on August 2, 2024. Dkt. No. 1. Mr. Vaidya, and his law firm BLG, are the former trademark attorneys and for the defendants in the United States District Court for the Middle District of North Carolina case styled *Sacks Holdings, Inc. vs. Grin Natural USA Limited et al*., Case No.: 1:23-cv-1058-LCB-LPA ("Sacks Litigation"). The defendants in the Sacks Litigation are referred to throughout as Grin Natural.

On August 23, 2024, Mr. Vaidya and BLG submitted their opposition to Sacks' motion to compel. Dkt. 7. Mr. Vaidya and BLG do not dispute they missed the deadlines to serve objections and responses to the document subpoenas. Mr. Vaidya and BLG do not dispute that even when they were notified they missed these deadlines, they still took another 25 days to serve objections and responses, 11 days longer than if the 14-day deadline to serve objections had restarted with notification that they had missed the objection deadline.[1] BLG and Mr. Vaidya have not challenged that, instead of the 14-days allowed under Rule 45 to serve objections, they waited 36 days and 26 days, respectively, to serve objections without ever securing an extension, either by Sacks' consent or by Court order.

Mr. Vaidya, an attorney, and BLG, his law firm, are both represented by the same sophisticated counsel representing the defendants in the Sacks Litigation. Throughout the Sacks Litigation, untimely discovery responses from counsel have been common practice. *See, e.g.*, Declaration of John D. Wooten IV ("Wooten Decl."), filed concurrently herewith, at **Exhibit A** (Dkt. 83-1 of Sacks Litigation) (Grin Natural's own submission outlining discovery disputes in the underlying litigation and acknowledging the untimely responses in items 2-4). Sacks succeeded on another motion to compel just this week because Grin Natural failed to timely serve adequate responses to interrogatories and failed to timely produce documents or identify a date certain by which it would produce documents. *See, e.g.*, Wooten Declaration at **Exhibit B**, Text Order in Sacks Litigation, August 27, 2024. Sacks acknowledges many of these instances involve the Sacks

---

[1] Sacks disputes that the deadlines restarted but even if they did restart, the new deadline was also missed.

Litigation defendants, not the respondents involved herein, but it never-the-less demonstrates a pattern and practice by counsel who represent Mr. Vaidya and BLG in this action, which has hampered and prejudiced Sacks' ability to prosecute the Sacks Litigation in a reasonable manner without excessive and unnecessary additional expenses like having to bring this motion to compel in an entirely different District.

This present motion exemplifies how Grin Natural and its counsel have approached this litigation: deadlines are mere suggestions, not rules, and missed deadlines are always excusable. The two questions before the Court now, as framed in the motion to compel and Mr. Vaidya and BLG's opposition, are simple: (1) were Mr. Vaidya and BLG's failure to timely serve objections based on Mr. Vaidya's injuries—injuries not suffered by BLG or its principal Mr. Bend—unusual and for good cause, and (2) should the Court revive Mr. Vaidya and BLG's objections, including those of privilege. Plaintiff maintains the answer is "no" to both questions and this Court should find that Mr. Vaidya and BLG have waived all objections, including privilege.

## II.   CLARIFICATION OF RELEVANT FACTS

Mr. Vaidya and BLG's recitation of the facts is generally correct. However, Sacks disputes the characterizations of Ms. Eling's email of May 7, 2024. Dkt. 8-1. Mr. Vaidya and BLG argue that by way of this email "Ms. Elings promptly informed Sacks' counsel of Mr. Vaidya's condition." Dkt 7, at 7. The email is only two sentences and speaks for itself, but Sacks does not and has never read these two sentences as suggesting Mr. Vaidya or BLG would be unable to comply with their obligations under Rule 45 to timely serve objections to the subpoenas. In fact, the email itself suggests Mr. Vaidya would be the person responding to the subpoenas and does not mention anything of Mr. Vaidya's actual condition or request any extension. Dkt. 8-1. Unfortunately, despite Sacks' attempts to get a response from Mr. Vaidya, he did not respond. Contrary to Mr. Vaidya and BLG's misrepresentations, Sacks was not made aware of the continuing extensiveness of Mr. Vaidya's injuries until May 21, 2024, Dkt. 1-5, and as of May 25, Sacks still did not understand the nature of the situation creating the delay. Dkt. 1-7.

Throughout their opposition, Mr. Vaidya and BLG place great significance on these two sentences to show proactive communication with Sacks' counsel, but again, the scarce substance

of the email belies that argument. *See* Dkt. 7 at 11-12. Again, this email only explains why Mr. Vaidya had been nonresponsive prior to May 7, 2024, and suggested he was able to respond moving forward. Dkt. 8-1. It did not in any way put Sacks on notice that it should expect Mr. Vaidya and BLG to be unable to timely serve objections and responses to the subpoenas. It also fails to account for the fact that Sacks served one of the two subpoenas on Mr. Bend, the named principal and registered agent of BLG, and there still remains no explanation whatsoever for his or his law firm's inability to timely respond to the subpoena.

In their opposition, Mr. Vaidya and BLG also take issue with Sacks' statement that "No further correspondence was received from counsel for Mr. Vaidya and BLG [after May 23, 2024] regarding producing documents or deadlines prior to the deadline to respond to the subpoenas." Dkt. 7, at 8 n.6. Sacks did not represent that there was no further correspondence on Mr. Vaidya's condition, only that the subjects of document production and deadlines were not further raised. Ms. Elings requested to keep her May 30, 2024, email confidential so Sacks did not file it with its motion to compel. However, because Mr. Vaidya and BLG now dispute Sacks' characterization, and they have made the alleged confidential information public in their opposition (the nature of Mr. Vaidya's injuries), Sacks now submits a copy of that email which confirms this email does not refute Sacks' assertion that "[n]o further correspondence was received from counsel ... regarding producing documents or deadlines." Wooten Decl., **Exhibit C**, Elings Email of May 30, 2024.

## III.   LEGAL STANDARD

Mr. Vaidya and BLG initially frame their opposition based on a good cause standard for excusing untimely discovery responses from *parties* to litigation, but Sacks is not aware of any governing case law applying this five-part good cause analysis to untimely objections to subpoenas served on third parties under Rule 45.[2] Instead, courts look to whether "unusual circumstances and

---

[2] The cases cited by Mr. Vaidya and BLG involve untimely discovery responses of a party to the litigation. *See, e.g.*, *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) (discussing waiver of the Fifth Amendment privilege in the context of interrogatory responses); *S.P. v. Cnty. of San Bernardino*, No. EDCV 19-1897-JGB-KKX, 2020 WL 4335375, at *3 (C.D. Cal. May 13, 2020) (considering waiver of objections for untimely responses to document requests under Rule 34); *Jacobs v. Scribner*, 2011 U.S. Dist. LEXIS 4297, 2011 WL 98585, at *3 (E.D. Cal. Jan. 12, 2011) (same).

good cause" exist and consider whether "(1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery; (2) the subpoenaed witness is a non-party acting in good faith; and (3) counsel for the witness and counsel for the subpoenaing party were in contact concerning the witness' compliance prior to the time the witness challenged the legal basis for the subpoena." *McCoy v. Sw. Airlines Co., Inc.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002) (citations omitted). Mr. Vaidya and BLG eventually cite to some case law with the correct standard, and Plaintiff will conform its arguments to the correct standard. Never-the-less, under either standard, Mr. Vaidya and BLG have not shown unusual circumstances and good cause necessary to revive their waived objections.

## IV.    ARGUMENT

Mr. Vaidya and BLG do not dispute that their objections to the relevant subpoenas were untimely. Mr. Vaidya and BLG do not dispute that even after being put on notice they had missed their respective subpoena deadlines, they still failed to serve objections and response for another three and a half weeks. Accordingly, all objections were waived absent unusual circumstances and good cause to revive those objections. Mr. Vaidya and BLG have not shown that the subpoena is overbroad on its face, that they acted in good faith, or that the communications from their counsel satisfy the requisite communications regarding compliance to revive the waived objections. The Court should compel production of all responsive documents regardless of privilege objections.

### A.    Mr. Vaidya and BLG Have Not Shown Good Cause.

In discussing good faith, Mr. Vaidya and BLG cite to a case that is instructive for whether unusual circumstances and good cause exist that warrant revival of waived objections. *See In re Application Pursuant 28 U.S.C. § 1782 of Japan Display Inc. v. Tianma Am., Inc.*, No. 221MC00374CASMAAX, 2021 WL 5990191, at *5 (C.D. Cal. Oct. 1, 2021) ("*Tainma*"). The *Tainma* Court consider whether "(1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery; (2) the subpoenaed witness is a non-party acting in good faith; and (3) counsel for the witness and counsel for the subpoenaing party were in contact concerning the witness' compliance prior to the time the witness challenged the legal basis for the subpoena." *Id.*

In *Tainma*, the court first observed that the subpoena was "overbroad on its face and exceeds the bounds of fair discovery," satisfying the first consideration. *Id.* No such objection or concern has been raised here.

Next, the *Tainma* Court considered whether the subpoenaed party acted in good faith. *Id.* The court reviewed the relevant correspondence requesting an extension of the time to respond and found that where the respondent had framed its extension request for "our response to the subpoena," it was reasonable to understand that request included both the deadline for objections and responses and the deadline to produce documents in the context of the remaining text of the request. *Id.* Again, no such consideration is present here where Mr. Vaidya and BLG only requested to delay depositions and document production. Dkt. 1-5.

The *Tainma* Court also considers whether the moving party had been prejudiced as part of the good faith consideration. *Tianma Am., Inc.*, 2021 WL 5990191, at *5. The *Tainma* Court noted that petitioner did not argue it was prejudiced, and at best petitioner argued that with timely objections it could have moved to compel sooner. *Id.* These considerations are not analogous to the present case. First and foremost, Mr. Vaidya and BLG have failed to offer any argument that Sacks is not prejudiced by the delay despite arguing that circumstances warrant revival of their objections. Accordingly, Mr. Vaidya and BLG have now waived any argument that Sacks was not prejudiced.

Even if Mr. Vaidya and BLG had made such argument, Sacks has been prejudiced by Mr. Vaidya and BLG's conduct in concert with Grin Natural to consistently delay discovery in this proceeding. For example, Mr. Vaidya and BLG have repeatedly refused to confirm the circumstances of when they learned of Sacks, facts which are certainly evident in their former trademark counsel's records. Grin Natural has repeatedly declined to confirm the exact details of when and how it came to know of Sacks, an issue that is critical to both parties' cross claims of trademark infringement and critical to Sacks' laches defense against Grin Natural. The answer to this issue is undoubtedly in Mr. Vaidya and the BLG files because Mr. Vaidya communicated with Sacks' prior counsel in 2020. Mr. Vaidya and BLG and Grin Natural have now run out the clock on fact discovery, which ends August 30, 2024, while using privilege as both a shield and a sword

1  and failing to answer fundamental questions about Grin Natural's knowledge of Sacks from several

2  years ago.

3         Finally, the *Tianma* Court looked to the correspondence prior to the subpoena response

4  deadline and found that the parties were actively discussing the response to the subpoena, not just

5  the dates of document production or a date for deposition as in the present case. *Tianma Am., Inc.*,

6  2021 WL 5990191, at *6. Mr. Vaidya and BLG argue that the communications prior to the

7  subpoena response deadlines satisfy this requirement. Dkt. 7, at 12. However, the correspondence

8  confirms that Mr. Vaidya and BLG's counsel could have and should have sought an extension but

9  did not. Moreover, when confronted with Sacks' assertion that the subpoena response deadlines

10  had lapsed, Mr. Vaidya and BLG still waited 25 more days to serve objections and responses, 11

11  days longer than if the 14-day deadline to serve objections had restarted with notice of the missed

12  deadlines. Mr. Vaidya and BLG were on notice that they missed the deadlines and rather than work

13  to promptly serve objections, they continued to delay another three and a half weeks.

14         Mr. Vaidya and BLG also attempt to cast blame on Sacks for not alerting Mr. Vaidya and

15  BLG of the impending deadlines until after they were missed. First, the deadline is set by the

16  federal rules of civil procedure and Sacks has no obligation to remind other parties of their

17  deadlines. Second, Sacks took no action "to clarify its expectations or dispel any

18  miscommunication between the parties," Dkt. 7, at 12, because Sacks was not aware that Mr.

19  Vaidya and BLG intended to ignore their deadlines to serve objections. Mr. Vaidya and BLG also

20  argue that it was reasonable to assume an extension for objections was also needed, as with

21  document production and deposition, but the logic is faulty. Document collection and deposition

22  require extensive engagement with a client. Objections to a subpoena do not. The parties are now

23  arguing the waiver of privilege objection, and the issues of privilege were apparent on the face of

24  the subpoena by virtue of being served on Grin Natural's former attorney and law firm. No further

25  consultation was required to at least timely assert a privilege objection. Again, Mr. Vaidya and

26  BLG failed to do so.

27         Mr. Vaidya and BLG's briefing goes further to confirm that Sacks has been proactive at all

28  steps, for example noting that Sacks' counsel reached out the very first day after Mr. Vaidya had

1  missed his deadline to respond to the subpoena. Dkt. 7, at 13. It was not possible to reach out

2  sooner because Mr. Vaidya had not yet missed the deadline before that date. Sacks was not in a

3  position "of monitoring the clock, remaining silent, and then exploiting any miscommunication

4  between the parties" because it only became aware that Mr. Vaidya and BLG would retroactively

5  seek an extension of time to respond after the deadlines had lapsed. *Id.*

6  **B.   Mr. Vaidya and BLG Conflate Their Subpoena Response Duties.**

7  Throughout their brief, Mr. Vaidya and BLG conflate Mr. Vaidya's missed deadline with

8  BLG's missed deadline, blaming both on Mr. Vaidya's injuries. *See, e.g.*, Dkt. 7, at 11 n.8.

9  However, Mr. Vaidya and BLG, especially BLG, have never explained why they were not able to

10  serve objections and responses to the subpoena independent of Mr. Vaidya. Mr. Vaidya and BLG's

11  explanation that document collection for a matter led by Mr. Vaidya, and a deposition of BLG

12  with Mr. Vaidya serving as the corporate representative, are reasonable. Accordingly, Sacks never

13  objected to the request to extend these deadlines for both Mr. Vaidya and BLG. However, the BLG

14  subpoenas were served on Mr. Bend, the Bend Law Group's named principal, an attorney, and its

15  registered agent. BLG has never explained why it was unable to serve objections and responses,

16  especially given that it would have assuredly recognized privilege objections would apply. Even

17  if the Court finds good cause as to Mr. Vaidya's untimely objections and responses, the Court

18  should not extend that understanding to the law firm BLG.

19  **C.   Mr. Vaidya and BLG's Cases on Medical Emergencies are Inapposite.**

20  Mr. Vaidya and BLG cite numerous cases involving discovery delays due to injuries or

21  medical emergencies to claim good cause exists to revive the waived objections. However, a

22  review of these cases shows that none of them offer analogous facts to the present case. For

23  example, the first case Mr. Vaidya and BLG cite involved a *pro se* prisoner who attempted suicide

24  and was hospitalized. *Israel v. Brownstein*, No. 221CV00262TLNEFBPC, 2023 WL 2842889, at

25  *1 (E.D. Cal. Mar. 10, 2023) (noting that where a ***pro se prisoner*** "plaintiff has suffered recent

26  health emergencies that have impacted her ability to respond," her personal inability to timely

27  respond to discovery request warranted granting additional time to respond to discovery requests).

28  Neither Mr. Vaidya nor BLG were proceeding *pro se* but rather had competent counsel who could

represent them and timely respond to subpoenas with objections and responses.

Other cases involve unexpected medical emergencies involving the counsel responsible for responding to the discovery requests, not medical emergencies of the represented, subpoenaed party. *See, e.g.*, *Thomasson v. GC Servs. Ltd. P'ship*, No. 05cv0940-LAB (CAB), 2006 U.S. Dist. LEXIS 113023, at *4 (S.D. Cal. Aug. 30, 2006) ("the delay in responding appears to have been unintentional and the result of counsel's personal circumstances for which Plaintiff should not be prejudiced"); *Munoz v. InGenesis STGi Partners, LLC*, No. 14cv1547-MMA (BLM), 2015 U.S. Dist. LEXIS 191715, at *13 (S.D. Cal. Aug. 4, 2015) (holding party should not be prejudiced by representative counsel's sudden medical emergency and inability to communicate during that emergency). Again, to the extent these cases apply in spirit even if not in direct analogy, neither BLG nor the counsel representing BLG suffered any injury, so these cases have no bearing or relevance to BLG.

### D. Privilege Is Important, Not Sacrosanct.

The cases cited by Mr. Vaidya and BLG for the proposition that privilege is too sacrosanct to waive provided helpful quotations, but the facts of those cases reveal stark differences with the present case. For example, in the first case Mr. Vaidya and BLG cite, *Beard v. Cnty. of Stanislaus*, No. 121CV00841DADSAB, 2022 WL 2704856 (E.D. Cal. July 12, 2022), the untimely responses were to party discovery responses based on a counsel's incorrect calendaring of discovery response deadlines, not subpoena responses. Further, in that case, "as soon as the error [in calendaring the deadline] was brought to counsel's attention, Defendant served responses." *Id.* at *6. The Mr. Vaidya and BLG's responses were only two days late, served promptly after notice of being late, and the Court found that under the circumstances, waiver of privilege was not warranted. *Id.* at *7.

Mr. Vaidya and BLG's citation to *Munoz v. Bd. of Trustees of California State Univ.*, No. 2:21-CV-1692-MCE-CKD, 2022 WL 718416 (E.D. Cal. Mar. 10, 2022) is unhelpful to Mr. Vaidya and BLG because it shows what Mr. Vaidya and BLG's counsel should have done, rather than support what Mr. Vaidya and BLG's counsel actually did. In *Munoz*, the defendant's counsel was unaware of the incoming document requests under Rule 34 due to a clerical error at the law firm. *Id.* at *1. The very next day upon learning of the requests, defendant's counsel contacted plaintiff's

1  counsel to resolve the issue and explained the missed deadline based on a complete lack of

2  awareness of the discovery requests. *Id.* The defendant's counsel then worked promptly to prepare

3  objections and responses, as well as document production, to serve on the plaintiff. *Id.* at *2. The

4  court weighed the factors for party discovery, not subpoena discovery, and found good cause

5  existed for objections to be maintained. *Id.* at *3. Furthermore, this case did not involve a subpoena

6  response, so there was no analogous 14-day deadline for objections prior to subsequent responses.

7  Mr. Vaidya and BLG's other cases do not fare better as all involve party discovery without

8  any analogous 14-day deadline to serve objections separate and apart from the duty to produce

9  documents, among other distinctions. *See, e.g.*, *Batts v. Cnty. of Santa Clara*, No. C08-00286 JW

10  (HRL), 2010 WL 1027990, at *1 (N.D. Cal. Mar. 18, 2010) (matter involving party discovery

11  requests, noting that "Plaintiff's interrogatory responses [in a § 1983 case] were served about two

12  weeks late"); *Simpson v. City of Upland*, No. EDCV081117SGLFMOX, 2009 WL 10687226, at

13  *5 (C.D. Cal. Aug. 24, 2009) (matter involving party discovery requests, not subpoena objections

14  and responses); *S. California Hous. Rights Ctr. v. K3 Holdings, LLC*, No. 2:22-CV-00697-MCS-

15  JC, 2022 WL 17333390, at *5 (C.D. Cal. Oct. 18, 2022) (matter involving failure to timely respond

16  to party discovery requests due to new counsel being unaware of deadlines, and new counsel

17  promptly served objections by the agreed upon new date for responses); *TJF Servs., Inc. v. Transp.*

18  *Media, Inc.*, No. 5:17-CV-00626-RN, 2019 WL 7599942, at *3 (E.D.N.C. Jan. 22, 2019) (matter

19  involving party discovery responses where the responding party at least served timely responses

20  in the first instance, but attempted to add additional objections later, including ones for privilege;

21  the court allowed the new privilege objections to stand); *Asurea Wholesale Ins. Servs., Inc. v.*

22  *Mountain Fin. Network*, No. 2:20-CV-03673-DSF-JC, 2020 WL 12309499, at *7 (C.D. Cal. Oct.

23  5, 2020) (matter pertaining to party discovery, not a subpoena).

24      **E.    Attorneys' Fees and Sanctions.**

25      In view of the arguments and authorities cited in Mr. Vaidya and BLG's opposition,

26  Plaintiff withdraws its request for fees as part of its motion to compel. Plaintiff requests that to the

27  extent the Court grants the motion to compel but denies Plaintiff's request for fees, it does so

28  without prejudice to seek fees at a future time in the event Mr. Vaidya and BLG fail to comply

1  with the Court's order granting the motion.

2  **V.     CONCLUSION**

3          Based on the foregoing arguments and authorities, as well as those presented in Sacks'

4  opening motion to compel and argument and authorities in support thereof, Sacks respectfully

5  requests that the Court grant its Motion to Compel and enter an order requiring Mr. Vaidya and

6  BLG to immediately produce all documents which are relevant and responsive to the document

7  subpoenas, regardless of privilege or other objection.

8

9  Date: August 30, 2024                    By: */s/ Carrie Richey*

                                              Carrie Richey
10
                                              Carrie Richey (CA Bar No. 270825)
11                                            Carrie.Richey@wbd-us.com
                                              **WOMBLE BOND DICKINSON (US) LLP**
12                                            50 California Street, Suite 2750
                                              San Francisco, CA 94111
13                                            Tel.: 415-433-1900
                                              Fax: 415-433-5530
14
15                                            Attorneys for Plaintiff
                                              *SACKS HOLDINGS, INC.*
16

17

18

19

20

21

22

23

24

25

26

27

28