# EXHIBIT A

## **EXHIBIT A**

Disputed Issues to Present to the Court for Resolution

  1. Plaintiff has noticed the 30(b)(1) and 30(b)(6) deposition of Tara Tan, the CEO of the entities named as Defendants in this action, for July 10-12, 2024, at their offices in Winston-Salem, North Carolina. Ms. Tan has no ties to Winston-Salem or North Carolina other than this action pending before the Court. New Zealand is Ms. Tan's principal place of business as well as where she resides. Defendants believe that the more appropriate location for the deposition is New York City. Ms. Tan is flying into New York City from New Zealand for her depositions, will be prepped for the depositions in New York City, where her counsel is based, and will be conducting business in New York City following the depositions. Moreover, Ms. Tan will have an interpreter assist her at the depositions, and the interpreter is also based in New York City. Defendants seek an order from the Court setting the location for Ms. Tan's deposition in New York City, where both Ms. Tan's counsel and opposing counsel has an office.

  2. On May 10, 2024, Plaintiff served subpoena *duces tecum* and deposition notices on third-parties Vivek Vaidya, Defendants' former trademark counsel, and Bend Law Group, Mr. Vaidya's law firm. A revised subpoena for Mr. Vaidya was served on May 20, 2024. The subpoena addressed to Mr. Vaidya, dated May 20, demanded the production of documents by May 24, and the subpoena addressed to Bend Law Group, dated May 10, demanded the production of documents by May 24. We agreed to represent Mr. Vaidya and Bend Law Group in connection with the discovery requests.[1] On May 7, we first informed Plaintiff's counsel that Mr. Vaidya had suffered a serious medical emergency requiring hospitalization and surgeries, and he was unable to respond to the discovery requests. We provided further updates on Mr. Vaidya's health status on May 21 and May 30. Plaintiff agreed to extend the time for Mr. Vaidya's depositions and document production. However, on June 7, Plaintiff's counsel claimed that Mr. Vaidya had waived all objections, including attorney-client privilege, to the document requests because the 14-day deadline for responses and objections to the subpoenas had passed. We contend that Plaintiff's counsel was well aware of Mr. Vaidya's medical emergency, understood that we needed additional time to respond to the discovery demands and had implied that an extension of time was granted. We seek an order from the Court declaring that Mr. Vaidya and Bend Law Group preserve their objections, including those based on attorney-client privilege and work product, to Plaintiff's subpoenas.

  3. Plaintiff served subpoena *duces tecum* on third-party Rena Chen on June 7, 2024. We represent Rena Chen for the purposes of the subpoena responses. On June 21,

---

[1] Our collection of Mr. Vaidya's documents effectively satisfies Plaintiff's document requests for Bend Law Group as well.

2024, we served Ms. Chen's responses and objections on Plaintiff's counsel at approximately 11:04 pm, after filing Defendants' response to Plaintiff's motion to compel as well as producing documents on behalf of Defendants. Plaintiff's counsel claim that Ms. Chen has waived all objections to the subpoena, including attorney-client privilege, because we served her responses and objections after the 5:00 pm eastern time deadline they specified on the subpoena. We seek an order from the Court declaring that Ms. Chen preserves her objections to Plaintiff's document requests, including those based on attorney-client privilege and work product.

      4.    Plaintiff served its second request for document production on Defendants, pursuant to Fed. R. Civ. P. 34, on April 26, 2024, with a deadline of May 28, 2024. We served their responses and objections on May 29, 2024. Plaintiff contends that Defendants have waived all objections, including attorney-client privilege, due to the one-day delay. Defendants assert that courts in this district consider good cause when determining the waiver of objections, which includes factors such as any resulting prejudice or lack thereof. We maintain that a one-day delay in objecting to requests for documents has not caused any prejudice to Plaintiff. We seek an order from the Court declaring that the one-day delay does not result in a waiver of objections, including claims of privilege.