UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SACKS HOLDINGS, INC., <br> Petitioner, <br> v. <br> VIVEK VAIDYA, et al., <br> Respondents. | Case No. 24-mc-80197-PHK <br><br> **ORDER DENYING MOTION TO COMPEL** <br> Re: Dkt. 1 |

This matter arises out of a civil action brought by Sacks Holdings, Inc. ("Sacks") that is currently pending in the United States District Court for the Middle District of North Carolina, styled *Sacks Holdings, Inc. v. Grin Natural USA Limited et al.*, No. 1:23-cv-01058-LCB-LPA. Before the Court is Sacks' motion to compel two nonparties to the underlying action, Vivek Vaidya ("Mr. Vaidya") and Bend Law Group, PC ("BLG"), to produce documents responsive to subpoenas issued from this District in connection with that case. [Dkt. 1]. Mr. Vaidya and BLG have filed an opposition to the motion to compel, and Sacks has replied. [Dkt. 7; Dkt. 9]. The Court finds the dispute suitable for resolution without oral argument. *See* Civil L.R. 7-1(b).

## BACKGROUND

The underlying action is a trademark infringement case in which Sacks alleges improper use of the "GRIN" trademark by Grin Natural Products Limited and four related entities (collectively, "Grin") in connection with oral care products. Mr. Vaidya is an attorney at BLG, the law firm that formerly represented Grin in connection with Grin's USPTO applications for the GRIN trademark. Neither Mr. Vaidya nor BLG is a party to the underlying action.

On April 18, 2023, Sacks' counsel notified Grin's counsel of Sacks' intent to serve third-

party subpoenas on Mr. Vaidya and BLG. [Dkt. 1-2]. At that time, Mr. Vaidya and BLG were not represented in connection with the underlying action.

A week or two later, on April 28, 2024 or thereabouts, Mr. Vaidya apparently suffered a serious, life-threatening injury requiring hospitalization and medical treatment. Counsel for Sacks was informed that Mr. Vaidya suffered a serious accident in late April 2024, by email dated May 7, 2024. [Dkt. 8-1 at 2]. Upon learning of Mr. Vaidya's condition, on May 7, 2024, Grin's counsel sent an email to Sacks' counsel advising that Mr. Vaidya "just reached out to say that he had a serious injury last week and is in recovery." *Id.*

On May 10, 2024, Sacks' counsel emailed Grin's counsel renewed notices of the subpoenas directed to Mr. Vaidya and BLG. [Dkt. 1-3 at 2]. Sacks updated the date of compliance for document production in the subpoena to May 24, 2024 when the subpoena was re-dated May 10, 2024. *Id.* at 27-28. The subpoenas demanded that Mr. Vaidya and BLG produce certain documents by no later than May 24, 2024 at 9:00 a.m. and appear for depositions on May 30, 2024. *Id.*

On May 13, 2024, Sacks served the subpoena directed at BLG on BLG's registered agent, Donald Bend. [Dkt. 1-4 at 2].

On May 21, 2024, Sacks was again informed of Mr. Vaidya's medical situation which reportedly would require six to eight weeks for recovery. [Dkt. 1-5 at 2]. By emails dated May 25, 2024 and May 30, 2024, counsel for the Parties communicated further about Mr. Vaidya's medical condition. [Dkt. 1-7 at 2; Dkt. 9-4 at 2].

Counsel for Sacks sent an email after five p.m. on a Friday (June 7, 2024) to state explicitly for the first time Sacks' contention that the May 24, 2024 return date for the subpoenas was still in effect and that all objections, including as to privilege, had been waived. [Dkt. 1-8 at 2].

Counsel for Mr. Vaidya and BLG responded three business days later by email, explicitly stating that the documents sought would be covered by the attorney-client privilege and the work product doctrine. [Dkt. 1-9 at 3]. In that same responsive email, counsel for Mr. Vaidya and BLG expressly stated their position that the privileges were not waived. *Id.*

2

On June 28, 2024, Mr. Vaidya and BLG produced documents in response to the subpoenas. On July 2, 2024, counsel for Mr. Vaidya and BLG served responses and objections to the subpoenas at issue. [Dkt. 1-13]. On July 3, 2024, their counsel served a privilege log which was later amended on July 22, 2024.

On June 26, 2024, counsel for the Parties met and conferred to try to resolve this dispute. This motion was first presented to the court presiding over the underlying litigation. By Order dated July 25, 2024, that court denied the motion without prejudice, because under Federal Rule of Civil Procedure 45(d)(2)(B)(i), the Northern District of California was the proper forum for presentation of the instant motion. *Sacks Holdings, Inc. v. Grin Natural USA Ltd.*, No. 1:23CV1058, 2024 WL 3535390, at *3 (M.D.N.C. July 25, 2024).

The present motion was then filed in this Court on August 2, 2024. [Dkt. 1]. Fact discovery closed in the underlying Middle District of North Carolina action on August 30, 2024. [Dkt. 9 at 9].

**LEGAL STANDARD**

The Court has broad discretion and authority to manage discovery. *U.S. Fidelity & Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of discretion."); *Laub v. U.S. Dep't of Int.*, 342 F.3d 1080, 1093 (9th Cir. 2003). As part of its inherent discretion and authority, the Court has discretion whether to grant a motion to compel compliance with a Rule 45 subpoena for documents. *See Garrett v. City & Cnty. of S.F.*, 818 F.2d 1515, 1519 (9th Cir. 1987).

Federal Rule of Civil Procedure 45 permits a party to serve a subpoena on a nonparty requiring, among other things, the production of "documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 41(a)(1)(A)(iii). The scope of discovery allowed under a Rule 45 subpoena is generally the same as the scope of discovery permitted under Rule 26(b). *In re Subpoena to Apple, Inc.*, No. 5:14-cv-80139-LHK, PSG, 2014 WL 2798863, at *2 (N.D. Cal. June 19, 2014); *see* Fed. R. Civ. P. 45 advisory committee's note to 1970 amendment ("[T]he scope of discovery through a subpoena is the same

3

as that applicable to Rule 34 and the other discovery rules."); Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b)."). However, Rule 45 specifies expressly that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." Fed. R. Civ. P. 45(d)(1); *see also* Rule 45(d)(3)(A)(iv) ("On timely motion, the court for the district where compliance is required *must* quash or modify a subpoena that … (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.") (emphasis added).

A nonparty commanded to produce documents pursuant to a Rule 45 subpoena may challenge the subpoena in one of three ways: (1) by written objection; (2) by moving to quash or modify the subpoena; or (3) by moving for a protective order. *See* Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 45(d)(2)(B), (d)(3). If a nonparty responds to a Rule 45 subpoena with objections, the party who served the subpoena may move for an order compelling compliance. Fed. R. Civ. P. 45(d)(2)(B)(i). Subpoena-related motions under Rule 45 must be brought in "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(2)(B)(i), (d)(3)(A)-(B), (e)(2)(B).

Written objections to a Rule 45 subpoena must be served "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). Failure to timely and properly object to the subpoena generally constitutes a waiver of all grounds for objection, including privilege. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."). However, in unusual circumstances and for good cause, the failure to timely object will not bar consideration of objections to a Rule 45 subpoena. *Acer, Inc. v. Tech. Props. Ltd.*, No. C08-00877 JF (HRL), 2010 WL 4807101, at *3 (N.D. Cal. Nov. 19, 2010) (quoting *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (S.D. Cal. 2005)).

The party seeking to compel compliance with a subpoena bears the burden of establishing

4

that its request seeks relevant information and thus falls within the appropriate scope of discovery. *iSabre GLBL, Inc. v. Kimpton Hotel & Rest. Grp., LLC*, No. 21-mc-80053-MMC (JSC), 2021 WL 1839689, at *2 (N.D. Cal. May 6, 2021) ("[T]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings."). The objecting party, in turn, has the burden of persuasion to show that the discovery should not be allowed. *Id.* ("Generally, the party moving to quash under Rule 45(d)(3) bears the burden of persuasion[.]"). "[A] court determining the propriety of a subpoena balances the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *ATS Prods., Inc. v. Champion Fiberglass, Inc.*, 309 F.R.D. 527, 531 (N.D. Cal. 2015) (quoting *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006)).

**ANALYSIS**

Here, Sacks seeks an order compelling Mr. Vaidya and BLG to produce all documents responsive to the Rule 45 subpoenas served on them, "withholding no documents on the basis of any objections." [Dkt. 1 at 4]. Mr. Vaidya and BLG assert that they justifiably served objections after the fourteen-day deadline in Rule 45 due to Mr. Vaidya's health issues, and that they produced responsive nonprivileged documents and served a privilege log. [Dkt. 7 at 9-10]. Sacks argues that all objections including as to privilege have been waived and thus argue that all withheld documents should be produced. [Dkt. 9 at 7]. Because it appears undisputed that all responsive non-privileged documents have been produced, the dispute between the Parties boils down to whether Mr. Vaidya and BLG should be compelled to produce documents which they claim are subject to either attorney-client privilege or the work product doctrine.

**A. Mr. Vaidya and BLG's Untimely Objections to the Subpoenas**

As noted above, Rule 45 requires that objections be served "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). Because the subpoena at issue to Mr. Vaidya was served on May 23, 2024 and the stated date of compliance to serve documents in response to the subpoena was listed as May 24, 2024, that deadline elapsed as to Mr. Vaidya on June 7, 2024, at the latest. *See* Dkts. 1-3, 1-6. BLG was served with the subpoena on May 13, 2024. [Dkt. 1-4 at 2]. On July 2, 2024, counsel for Mr.

5

Vaidya and BLG served responses and objections to the subpoenas. [Dkt. 1-13 at 2]. The issue, then, is whether the late service of the objections should be excused.

"While a nonparty's failure to timely make objections to a Rule 45 subpoena generally requires the court to find that any objections have been waived, in unusual circumstances and for good cause, the failure to act timely will not bar consideration of objections to a Rule 45 subpoena.'" *Acer*, 2010 WL 4807101, at *3 (quoting *Moon*, 232 F.R.D. at 636) (internal quotation marks and alterations omitted). "Courts have found unusual circumstances where: (1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery; (2) the subpoenaed witness is a non-party acting in good faith; and (3) counsel for the witness and counsel for the subpoenaing party were in contact concerning the witness' compliance prior to the time the witness challenged the legal basis for the subpoena." I*n re Subpoena to Produce Documents of Clapp, Moroney, Ballagamba, Vucinich, Beeman & Scheley*, No. 14-mc-80191-RS (JSC), 2014 WL 3784112 at *3 (N.D. Cal. July 31, 2014) (finding failure to serve objections "may be excused under either the second or third grounds").

As to Mr. Vaidya, good cause for his failure to serve timely objections is evident from the record. It is undisputed that he suffered a serious accident in late April 2024, resulting in injuries requiring hospitalization and medical treatment. Counsel for Sacks was informed of this on May 7, 2024. [Dkt. 8-1 at 2]. Sacks re-served notices of the subpoenas on May 10, 2024, and again, on May 20, 2024, and demanded the documents produced in response thereto on May 24, 2024. [Dkt. 1-3 at 27]. On May 21, 2024, Sacks was again informed of Mr. Vaidya's medical situation which reportedly would require six to eight weeks for recovery. [Dkt. 1-5 at 2]. By emails dated May 25, 2024 and May 30, 2024, counsel for the Parties communicated further about Mr. Vaidya's medical condition. [Dkt. 1-7 at 2; Dkt. 9-4 at 2].

Mr. Vaidya's opposition cites numerous cases in which untimely objections to discovery were excused due to medical emergency (either of a party or counsel). *See* Dkt. 7 at 10. In *Israel* (the only case cited by Mr. Vaidya involving a party's health issues), the plaintiff suffered health emergencies which impacted her ability to respond to discovery requests, and based on those health issues, the court granted additional time to respond. *Israel v. Brownstein*, No. 2:21-cv-

6

00262-TLN-EFB (PC), 2023 WL 2842889, at *1 (E.D. Cal. Mar. 10, 2023). Sacks argues that *Israel* is distinguishable because the plaintiff was proceeding *pro se* whereas here Mr. Vaidya is represented by counsel. [Dkt. 9 at 10-11]. However, much like the plaintiff in *Israel* being unable to respond herself, Mr. Vaidya's medical situation impacted (if not prevented) his ability to confer with counsel in order to work on the response to the subpoena. Mr. Vaidya, a nonparty, experienced an undisputedly serious medical condition which negatively impacted his ability to respond to the subpoena. The Court finds that the factual situation here constitutes good cause and an unusual circumstance excusing the delay in Mr. Vaidya's responses and objections to the subpoena. *In re Subpoena to Clapp*, 2014 WL 3784112, at *3 ("(2) the subpoenaed witness is a non-party acting in good faith").

As noted, Mr. Vaidya cites other cases excusing late discovery responses due to health issues of counsel. Sacks argues that cases involving medical emergencies of counsel are distinguishable. [Dkt. 9 at 11]. While the Court does not expressly rely on those cases, the spirit of the discussions therein are consistent with *Israel* and provide further analogous support for the Court's reasoning and conclusions herein.

The Court also notes that Sacks was unsuccessful in serving the subpoenas on Mr. Vaidya and BLG for several weeks, starting in April 2024. During that period, Sacks updated the date of compliance for document production in the subpoena, updating the compliance date to May 24, 2024 when the subpoena was re-dated May 10, 2024. [Dkt. 1-3]. This updating of the date of compliance reflects the common practice that, while Rule 45 allows for less than fourteen days for objections and compliance with a subpoena, most lawyers allow for fourteen days compliance (and often, absent unusual circumstances, most counsel discuss and reach agreement on extensions). *See* N.D. Cal. Guidelines for Professional Conduct at 3(a) ("A lawyer should make reasonable efforts to schedule meetings, hearings, and discovery by agreement whenever possible and should consider the scheduling interests of opposing counsel, the parties, witnesses, and the court. Misunderstandings should be avoided by sending formal notice after agreement is reached."). Courts have the discretion and authority to quash subpoenas which do not provide reasonable time for compliance, particularly in light of the complexities of a case's specific factual

7

circumstances. *See, e.g., Finn v. City of Boulder City*, No. 2:14-cv-01835-JAD-GWF, 2017 WL 11682320, at *4 (D. Nev. Dec. 20, 2017) (affirming magistrate judge's order quashing subpoena where the subpoena gave only six days for compliance and privilege issues were implicated). Here, by the time counsel for Mr. Vaidya agreed to accept service of the subpoena on his behalf, there was only one day remaining before the compliance deadline. *Compare* Dkt. 1-6 at 2 (email confirming acceptance of service dated May 23, 2024), *with* Dkt 1-3 (subpoena with compliance date of May 24, 2024).

The fact that the Parties were in communication about Mr. Vaidya's medical situation through May 25, 2024 would have reasonably put both Parties on notice that formalizing an agreement to extend the response and production dates was appropriate. Instead, Sacks waited to send an email after five p.m. on a Friday to state explicitly for the first time Sacks' contention that the May 24, 2024 return date was still in effect and that all objections, including as to privilege, had been waived. [Dkt. 1-8 at 2]. Insisting on a response date of less than fourteen days when the subpoenaed party has a medical condition (first raised in emails on May 7, 2024, then again on May 21, 2024, May 25, 2024, and May 30, 2024) would likely have been grounds for considering a motion to quash had Mr. Vaidya known of Sacks' position that May 24, 2024 was a hard response date. At the very least, attempting to now enforce a subpoena which technically provided only one day for a response, where there are privilege issues implicated and where the subpoenaed party was medically incapacitated, leads to the conclusion that the subpoena (as sought to be enforced) exceeds the bounds of fair discovery. *In re Subpoena to Clapp*, 2014 WL 3784112, at *3 ("(1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery").

In addition, the Court notes that the document subpoena which was purportedly directed to Mr. Vaidya and attached to the Notice of Subpoena to Mr. Vaidya does not, in fact, name Mr. Vaidya as the person being subpoenaed—rather, that subpoena states it is directed to BLG. *See* Dkt. 1-3 at 33. This is the only subpoena purportedly directed to Mr. Vaidya presented on the current record to this Court, and assuming it is the subpoena sought to be enforced against him, the subpoena is facially defective because it is not directed to him at all. Attempting to enforce

8

against Mr. Vaidya a subpoena which names BLG as the target also exceeds the bounds of fair discovery. *In re Subpoena to Clapp*, 2014 WL 3784112, at *3 ("(1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery"). Accordingly, these factors further support finding that there are unusual circumstances here.

Further, the fact that counsel for the Parties continued to communicate about Mr. Vaidya's medical condition through May 2024 (up to and after the response date) is indicative of good faith. Again, there is no dispute the Parties communicated several times about Mr. Vaidya's medical situation both before and after the date of compliance throughout May 2024, and there is no dispute that counsel for Sacks was informed that he would need six to eight weeks for recovery. [Dkt. 1-5 at 2]. Further, the Parties discussed that Mr. Vaidya would be the representative for BLG, and there is no dispute that he was the person at BLG most knowledgeable about, and likely the most direct target of, the subpoena directed to BLG. Sacks argues that the Parties' counsel discussed an extension of time for production as opposed to an extension of time for objections. [Dkt. 1 at 4]. The Court finds this to be a distinction without a difference. *See Juno Therapeutics, Inc. v. Kite Pharma, Inc.*, No. CV 17-7639-SJO-KSx, 2019 WL 3069009, at *4 (C.D. Cal. Apr. 29, 2019). While better practice would have been for the Parties to directly discuss a formal agreement for an extension of time to respond to the subpoena, the Court finds that these facts constitute sufficient unusual circumstances to excuse delay in Mr. Vaidya's and BLG's responses and objections to the subpoena. *In re Subpoena to Clapp*, 2014 WL 3784112, at *3 ("(3) counsel for the witness and counsel for the subpoenaing party were in contact concerning the witness' compliance prior to the time the witness challenged the legal basis for the subpoena."); *cf. HI.Q, Inc. v. ZeetoGroup, LLC*, No. 22cv1440-LL-MDD, 2022 WL 17345784, at *11-12 (S.D. Cal. Nov. 29, 2022) (excusing nonparty's failure to serve timely objections to a Rule 45 subpoena because counsel for the nonparty and subpoenaing party communicated regarding the objections, "albeit poorly," before and after the objections were served).

Accordingly, the Court concludes that unusual circumstances exist here to excuse the delay by Mr. Vaidya and BLG in serving substantive objections and responses to the subpoenas. Further, as discussed above, the Court concludes that Mr. Vaidya himself has shown good cause to

excuse the delay in serving his objections to the subpoena directed to him.

**B. Whether Privilege Objections Were Waived.**

Sacks seeks by this motion to compel production of all privileged documents otherwise responsive to the subpoenas. The argument for waiver is not based on a knowing disclosure of privileged documents, rather the argument asserted is the technical argument that privilege has been waived by operation of Rule 45 and the failure by Mr. Vaidya and BLG to respond or object before the compliance date. For the reasons discussed above, this case presents good cause and unusual circumstances to excuse the delay in the service of the objections. Therefore, the privilege objections were not waived.

Further, in response to Sacks's June 7, 2024 email, counsel for Mr. Vaidya and BLG responded three business days later by email and, in that email, explicitly stated that the documents sought would be covered by the attorney-client privilege and the work product doctrine. [Dkt. 1-9 at 3]. In that same responsive email, counsel for Mr. Vaidya and BLG expressly stated their position that the privileges were not waived. *Id.*

A few days after Mr. Vaidya and BLG produced documents in response to the subpoenas, they also served a privilege log (later amended). [Dkt. 7 at 9]. Sacks makes no argument that the privilege log was or is in any way deficient in asserting the privilege as to the documents logged. *See* Fed. R. Civ. P. 45(e)(2). In light of the sequence of communications between counsel, the Court finds that the prompt assertion of privilege by email, denial of waiver of privilege, and production of a privilege log a few weeks later all constituted reasonable steps to assert and preserve the privilege objections. *See Leader Techs., Inc. v. Facebook, Inc.*, No. C10-80028MISC JW (HRL), 2010 WL 761296, at *2 (N.D. Cal. Mar. 2, 2010) (finding that a nonparty's failure to timely serve written objections to a Rule 45 subpoena did not constitute a waiver of all objections where the nonparty was served with the subpoena only seven days prior to the noticed production date and where the nonparty's counsel "verbally communicated" the nonparty's objections prior to the noticed production date).

As discussed above, the Court found both good cause and unusual circumstances warrant excusing the belated objections to both subpoenas. Sacks argues that BLG, as an entity, does not

have a sufficient excuse for failing to serve its objections to the subpoena directed to BLG, because the health-related issues only affected Mr. Vaidya. As noted, because the Parties discussed the fact that Mr. Vaidya would be the representative of BLG and because the Parties were all aware that Mr. Vaidya was the person most knowledgeable about the factual issues that were the subject of the subpoenas, the Court concludes that Mr. Vaidya's health issues and the other factors above similarly warrant finding unusual circumstances to excuse BLG's late service of its response to the subpoena.

In addition, the Court has discretion and authority to *sua sponte* enter a protective order under Rule 26(c) where good cause is shown. *See* Fed. R. Civ. P. 26(c). In *Acer Inc. v. Technology Properties Ltd.*, 2010 WL 4807101 (N.D. Cal. Nov. 19, 2010), the Court was presented with a factually similar situation to the case at bar. There, a third party inadvertently produced privileged documents in response to a subpoena. *Id.* at *1. The party which issued the subpoena argued that the failure to object as to privilege prior to the compliance date resulted in a waiver of the privilege objections. *Id.* at *2. The party asserting privilege argued that it did not learn that the third party produced the privileged documents until after they were produced, and that Rule 45 allows for post-production assertion of privilege objections. *Id.* at *3. The Court first found that, in the facts of that case, the good cause and unusual circumstances doctrine to excuse late assertion of privilege objections did not apply. *Id.* However (and instructive here), the Court held that:

> [H]ere, the emails *are* privileged. Given [opposing party] TPL's prompt assertion of the attorney-client privilege once it saw the documents [third party] Moore produced and this Court's preference for decisions based on the merits rather than on procedural missteps, the Court believes that good cause has been shown for its *sua sponte* entry of a protective order requiring [party issuing the subpoena] Plaintiffs to either destroy or return to [third party] Moore any copies of the privileged emails they have sequestered.

*Id.* at *4.

Here, as in *Acer*, the opposing party Grin asserted the privilege objection promptly by email when first informed of Sacks' assertion that all objections had been waived. Further, as in *Acer*, the arguments by Sacks in favor of waiver are the result of procedural missteps. As discussed above, the better practice for all counsel would have been to be completely transparent

11

and upfront about the need for an extension of the compliance date (which by definition here, was also the response date) for the subpoenas when discussing Mr. Vaidya's medical issues. The course of correspondence shows that counsel for Mr. Vaidya and BLG requested formally an extension of the response date after receiving Sacks' statement that all objections had been waived. Clearly, counsel for Sacks refused an extension, instead opting to pursue all privileged documents being withheld based on the procedural missteps here. For all these reasons, the Court finds good cause exists to *sua sponte* issue a protective order finding that there has been no waiver of privilege here (even if, for example, there were insufficient good cause or unusual circumstances to excuse the late service of the objections to the subpoenas).

### C. Request for Sanctions.

Unsatisfied with seeking production of all the privileged documents withheld at issue, Sacks also seeks a Rule 37 award of fees and costs as a sanction against Mr. Vaidya and BLG based on their belated responses to the subpoenas and their refusal to produce the privileged documents. [Dkt. 1 at 12]. Mr. Vaidya and BLG oppose both on procedural grounds (because sanctions for noncompliance with a subpoena is governed by Rule 45(e) and under that Rule a request for sanctions is premature until after the motion to compel is granted) and on the merits (because Mr. Vaidya's and BLG's positions were substantially justified).

Because the Court is denying Sacks' motion to compel, the request for an award of fees and costs is **DENIED as moot**.

The Court further notes that Sacks' request for sanctions is set forth in a single paragraph at the end of its motion to compel and is not supported by declaration itemizing with fees and costs sought. *Id.* As such, the request for an award of fees and costs fails to comply with Civil Local Rule 37-4 ("When, in connection with a dispute about disclosure or discovery, a party moves for an award of attorney fees or other form of sanction under Fed. R. Civ. P. 37, the motion must: (a) Comply with Civil L.R. 7-8 and Civil L.R. 7-2; and (b) Be accompanied by competent declarations[].") and Civil Local Rule 7-8 ("Any motion for sanctions, regardless of the sources of authority invoked, must comply with the following: (a) The motion must be separately filed[.]"). For these separate reasons the request for an award of fees and costs is **DENIED**.

**CONCLUSION**

Accordingly, **IT IS ORDERED THAT:**

1. The Motion to Compel [Dkt. 1] is **DENIED**.
2. Sacks' request for an award of fees and costs [Dkt. 1 at 12] is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 7, 2024

_____
PETER H. KANG
United States Magistrate Judge